UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CALVIN JACKSON, SR., INDIVIDUALLY AND ON BEHALF OF C.J. | CIVIL ACTION NO. 22-0171 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| NORTH CADDO HOSPITAL SERVICE DISTRICT D/B/A NORTH CADDO MEDICAL CENTER | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Defendant North Caddo Hospital Service District d/b/a North Caddo Medical Center's ("NCMC") Motion to Strike Plaintiff's Jury Demand. See Record Document 36. Pursuant to Federal Rule of Civil Procedure 39(a)(2), NCMC seeks to strike Plaintiff Calvin Jackson, Sr.'s ("Jackson") jury demand and have this matter proceed as a bench trial. See id. Jackson opposes the motion. See Record Document 40.

This case presents a claim under the Emergency Medical Treatment and Labor Act ("EMTALA"). The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. See Record Document 1 at ¶ 1; Record Document 36-1 at 3.[1] Jackson sought trial by

---

[1] Louisiana Revised Statute 46:1064 states "[t]he hospital service districts as defined in R.S. 46:1072 are hereby declared to be political subdivisions of the state." Section 1051(A) gives local parish police juries the authority to create hospital service districts. Here, the Caddo Parish Police Jury exercised this power and established North Caddo Hospital Service District. See Caddo Parish Code of Ordinances 44-402 ("The hospital service district hereby created by this division is hereby designated as North Caddo Hospital Service District . . . and . . . shall constitute a . . . political subdivision of the state, and . . . shall have all the rights, powers and privileges granted and conferred by the constitution and statutes of the state[.]"). Based on the aforementioned legislation, Jackson does not dispute that NCMC is a political subdivision of the State of Louisiana.
   Louisiana Revised Statute 13:5105(A) provides that "[n]o suit against a political subdivision of the state shall be tried by jury." This bar on jury trials is procedural in

jury in the Complaint.  See Record Document 1 at ¶ 31.  NCMC sought trial by jury in its Answer.  See Record Document 5 at 12.  The jury trial in the matter is set for March 25, 2024.  See Record Document 32.  On February 5, 2024, NCMC filed the instant motion.  See Record Document 36.

Federal Rule of Civil Procedure 38(a) provides:

> The right of trial by jury as declared by the Seventh Amendment to the Constitution--or as provided by a federal statute--is preserved to the parties inviolate.

Fed. R. Civ. P. 38.  Thus, this Court must look to Jackson's statutory or constitutional right to a jury trial.

Jackson does not dispute that the EMTALA does not explicitly provide for the right to a jury trial.  See 42 U.S.C. § 1395dd.  The Seventh Amendment provides that "(i)n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved ...."  Goar v. Compania Peruana de Vapores, 688 F.2d 417, 424 (5th Cir. 1982).  The phrase "suits at common law" refers to the common law of England at the time the Seventh Amendment was adopted in 1791.  See id.  Federal courts have consistently held that at common law, no action existed against a political subdivision.  See Harders v. Grand Island Pub. Sch., No. 4:06-cv-3076, 2006 WL 2528524 (D. Neb. Aug. 31, 2006) (granting Defendant's motion to strike Plaintiff's jury demand in a Family and Medical Leave Act claim because the FMLA does not expressly provide for a right to a jury trial and the Seventh Amendment did not guarantee Plaintiff a right to a jury trial against a political subdivision); Westcott v. City of Omaha,

---

nature; thus, it is inapplicable in diversity jurisdiction cases.  See City of Bossier City v. Camp Dresser & McKee Inc., No. 11-0472, 2013 WL 12309837 (W.D. La. Feb. 13, 2013).  However, this is a federal question subject matter jurisdiction case.  Pursuant to Federal Rule of Civil Procedure 38(a), Jackson is only entitled to a jury trial by virtue of either federal statute or the Seventh Amendment to the United States Constitution.

2

No. 88-0-028, 1988 WL 383125, *2 (D. Neb. 1988); Steinhardt v. Potter, 326 F. Supp. 2d 449, 453 (S.D.N.Y. 2004); Gragg v. City of Omaha, 812 F. Supp. 991, 992-3 (D. Neb. 1993); Abdulsalam v. Bd. of Regents of Univ. of Nebraska, No. 4:22-3004, 2023 WL 2374460 (D. Neb. Mar. 6, 2023). Thus, because neither the EMTALA or the Seventh Amendment provide a right to jury trial when suing a political subdivision of the state, NCMC seeks to strike the jury demand and proceed to a bench trial.

Jackson opposes the motion on three grounds. See Record Document 40 at 4-5. First, he notes that NCMC filed a request for a jury trial that has not been challenged. See id. at 4. Next, he maintains that the cases cited by NCMC in support of its request are inapplicable because in such cases one party filed a jury demand and the other opposed. Here, both parties requested a jury trial. See id. at 5. Finally, Jackson submits that to the extent Rule 38 applies, he does not consent to the withdrawal of the jury demand. See id.

The Court found great guidance in Kramer v. Banc of Am. Sec., LLC, 355 F.3d 961 (7th Cir. 2004). While this case is not binding, it addresses the exact issues currently before this Court. In Kramer, the plaintiff sued in federal district court for disability discrimination and retaliation under the Americans with Disability Act. See id. at 963. The complaint and amended complaint demanded a jury trial on all issues. See id. The defendant's answer and answer to the amended complaint also included demands for jury trial. See id. The district court granted the defense's motion for summary judgment as to the discrimination claim but denied the motion with respect to the claim of retaliatory discharge. See id. at 963-964. Later, the district court considered a defense motion to exclude compensatory and punitive damages and to strike the plaintiff's jury demand:

> In its motion, [the defendant] asserted that compensatory and punitive damages are not recoverable on a claim of retaliation under the

> ADA. In addition, [the defendant] argued that, because [the plaintiff] was not entitled to recover compensatory and punitive damages under the ADA, [she] had no statutory right to a jury trial.
>
> The district court granted [the defense] motion on May 10, 2002. The court found that compensatory and punitive damages were not available as a remedy and that [the plaintiff] was not, therefore, entitled to a jury trial. The district court also refused to impanel an advisory jury.
>
> The district court proceeded with a six-day bench trial on [the plaintiff's] retaliation claim.

Id. at 964. On appeal, the Seventh Circuit affirmed and held that the plaintiff did not have a right to a jury trial and was entitled to a jury trial only with the consent of the defendant and the court. See id. at 968. The appellate court reasoned that because the plaintiff was not entitled to recover compensatory and punitive damages, she had no statutory or constitutional right to a jury trial. See id. at 966. Her only remaining remedies were equitable in nature and there is no right to a jury where the only remedies sought or available are equitable. See id.

The appellate court went on to address the plaintiff's argument that, independent of whether she was entitled to recover compensatory and punitive damages, she was entitled to a jury trial based on the defendant's consent as evidenced by its demand for a jury trial in its answer. See id. at 967. The Seventh Circuit relied upon Federal Rule of Civil Procedure 39(c), which addresses jury trials by consent:

> (c) Advisory Jury and Trial by Consent. In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury or, except in actions against the United States when a statute of the United States provides for trial without a jury, the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right.

4

Id., citing Fed.R.Civ.P. 39(c).[2]  The plaintiff argued on appeal that once the defendant consented to a jury trial in its answer, it could not withdraw such consent without her permission.  See id.  The plaintiff did not consent, as evidenced by her opposition to the motion to strike jury demand.  See id.  Yet, both the district and appellate court held that it was not too late for the defense to withdraw its consent to a jury trial.  See id.  The appellate court noted that it was important to review the events leading up to and including the defense motion to strike:

> [The plaintiff's] Complaint and Amended Complaint included a request for remedies (compensatory and punitive damages) that, had she been entitled to recover such remedies, would have entitled her to a ***jury trial as a matter of right***. . . .  By including a demand for a jury in her Complaint and Amended Complaint, [the plaintiff] successfully exercised her right to have her claim heard by a jury. Fed.R.Civ.P. 38(b). [The defendant] also made a demand for a jury trial in its answer to the Complaint and the Amended Complaint, though strictly speaking, such a demand was not necessary. The demand for a jury by one party is generally sufficient where the jury trial is of right.
>
> Shortly before trial, [the defense] made a motion to exclude compensatory and punitive damages. The district court granted this motion. In this opinion we affirm the district court's decision. After the district court granted the motion, [the plaintiff] had ***no right to a jury trial***. As we have discussed, [the plaintiff] was entitled to have her claim of retaliation (for which she was entitled only to equitable remedies) heard by a jury only if [the defendant] consented and the district court agreed.
>
> [The defense] also moved at the same time to strike [the plaintiff's] jury demand. ***In light of the district court's decision that there was no***

---

[2] The Seventh Circuit quoted the version of Rule 39(c) in place in 2004.   The current version of Rule 39(c) reads:

In an action not triable of right by a jury, the court, on motion or on its own:

(1) may try any issue with an advisory jury; or

(2) may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right, unless the action is against the United States and a federal statute provides for a nonjury trial.

> ***statutory right to a jury trial, this motion was proper.*** Federal Rule of Civil Procedure 39(a) provides that when a jury trial has been demanded and designated on the docket as a jury trial, the trial shall be heard by a jury, "unless ... (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States." Fed.R.Civ.P. 39(a)(2).

Id. at 697-968 (emphasis added).

The Court also held that the plaintiff's reliance on Rule 38(d) for the proposition that the defendant could not withdraw a demand for a jury trial without her consent was misplaced because Rule 38 "is concerned with jury trials of right." Id. at 968. The plaintiff had no right to a jury trial and there was no restraint in the text of Rule 39 on the ability of a party to withdraw its consent to a jury trial that is not of right. See id. Thus, the defense motion to withdraw its consent to a jury trial – even just two weeks before trial – was proper. See id.

Here, Jackson never had a right to a jury trial under Rule 38, as neither the EMTALA or the Seventh Amendment provide a right to jury trial when suing a political subdivision of the state. Rule 39(a) governs in this instance and provides that when a jury trial has been demanded and designated on the docket as a jury trial, the trial shall be heard by a jury, "unless ... (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States." Fed.R.Civ.P. 39(a)(2). There is no restraint in the text of Rule 39 on the ability of a party such as NCMC to withdraw its consent to a jury trial that is not of right. Accordingly, NCMC's Motion to Strike Plaintiff's Jury Demand (Record Document 36) be and is hereby **GRANTED**.[3]

---

[3] The Court further notes there is no prejudice because there is no right to a jury in this case. Moreover, Jackson has provided no reason why he would be prejudiced by a bench trial rather than a jury trial. The Court also believes that a bench trial will likely require less preparation by counsel than a jury trial.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 1st day of March, 2024.

                                                                        _____

                                                                         United States District Judge